# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEROME JOHN ANDERSON,

        Plaintiff,

    v.

RAILROAD RETIREMENT BOARD,

        Defendant.

Case No. 4:22-cv-00014-SLG

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On June 1, 2022, Jerome Anderson, a self-represented litigant, filed this action and paid the $402.00 filing fee.[1] On June 7, 2022, the Court found the filing deficient and issued an order with instructions on how to properly file a complaint.[2] On June 27, 2022, Plaintiff filed a First Amended Complaint against the U.S. Railroad Retirement Board ("Board") alleging he has been denied his Railroad Retirement benefits since June 1, 1995.[3] Plaintiff included several attachments, including documentation from the Board, the U.S. Marine Corps, and vital statistics, along with excerpts from what appear to be a dictionary, a newspaper, and a novel.[4] Plaintiff also alleges that the Board has violated his right to a speedy

---

[1] Docket 1.

[2] Docket 4.

[3] Docket 5 at 2.

[4] Docket 5.

and public trial, required excessive bail, and participated in criminal fraud.[5] Plaintiff requests the following relief: (1) $504,000 in damages; and (2) $50,000 in punitive damages.[6]

## I. Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[7] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[8] Federal courts possess "only that power authorized by the Constitution and statute."[9] This means that the Court has the authority to hear only specified types of cases.[10] The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[11] In a federal court proceeding, a jurisdictional defect may be raised at any time.[12]

---

[5] Docket 5. The Constitutional rights referenced by Plaintiff provide protections in criminal prosecutions and do not apply to civil proceedings. Therefore, the Court will not address these allegations. *See* U.S. Cont. amends. 6, 8. Similarly, the Court also does not have the power to initiate criminal cases. Allegations of criminal activity may be reported to law enforcement.

[6] Docket 5 at 4. Under "Request for Relief" Plaintiff also requested an order requiring Defendants to "prove that Railroad Annuities do not have to be paid for 28 years" and included additional statements that the Court has not considered as they are not types of relief.

[7] Black's Law Dictionary, (11th Ed. 2019).

[8] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[10] See, e.g., *United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[11] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[12] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

Case No. 4:22-cv-14-SLG, *Anderson v. Railroad Retirement Board*
Order to Dismiss without Leave to Amend
Page 2 of 6
Case 4:22-cv-00014-SLG   Document 8   Filed 12/08/22   Page 2 of 6

As discussed further below, to challenge a determination by the Board, a plaintiff must exhaust his administrative remedies before filing a petition with the appropriate U.S. Court of Appeals to review the Board's decision.[13]

**A. Exhaustion of Administrative Remedies**

Persons claiming retirement, disability, survivor, unemployment, or sickness benefits from the Railroad Retirement Board have the right to seek review of unfavorable determinations on their claims.[14] The Board is "authorized and directed to make findings of face with respect to any claim for benefits and to make decisions as to the right of any claimant to benefits."[15] The Railroad Retirement Act (RRA) and Railroad Unemployment Insurance Act (RUIA) explain the review process within the agency when claims are denied or a claimant is otherwise dissatisfied with decisions on his claim.[16] Once a claimant completes all of the

---

[13] *Salinas v. U.S. R.R. Ret. Bd.,* 141 S. Ct. 691, 694–95 (2021) (Under the Railroad Retirement Act, a reviewing, a reviewing court reviews decisions of the Board "in the same manner" as they would review Board decisions under the Railroad Unemployment Insurance Act (RUIA). 45 U.S.C. § 231g.  The RUIA requires exhaustion of "all administrative remedies within the Board." 45 U.S.C. §355(f)).

[14] R.R. Ret. Bd., *RRB Appeals Procedure* (October 2021), https://rrb.gov/sites/default/files/2021-10/QA2110.pdf.

[15] 45 U.S.C. §355(b).

[16] 20 C.F.R. § 260.3 (request for reconsideration of initial decision); § 260.5 (appeal from a reconsideration decision to the Board's Bureau of Hearings and Appeals); § 260.9 (final appeal from a decision of the hearings officer). *See also* R.R. Ret. Bd., *RRB Appeals Procedure* (October 2021), https://rrb.gov/sites/default/files/2021-10/QA2110.pdf.

Case No. 4:22-cv-14-SLG, *Anderson v. Railroad Retirement Board*
Order to Dismiss without Leave to Amend
Page 3 of 6
Case 4:22-cv-00014-SLG   Document 8   Filed 12/08/22   Page 3 of 6

steps of the review process at the agency level, the benefits determination becomes "final" under the Board's regulations.[17]

However, in certain circumstances, after a determination becomes final, an applicant can request that the Board reopen it.[18] "Reopening ... means a conscious determination on the part of the agency to reconsider an otherwise final decision for purposes of revising that decision."[19] A refusal to reopen a prior benefits determination is considered a "final" decision," and therefore subject to judicial review.[20]

Here, Plaintiff has not provided sufficient information to demonstrate he has received a final decision from the Board. Therefore, this case must be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

### B. Judicial Review Must be Filed in a Court of Appeals

Even if Plaintiff could demonstrate that he had exhausted his administrative remedies, this action must still be dismissed because the proper court to seek review of a determination by the Board is the Court of Appeals, not the District Court. [21]

---

[17] 20 C.F.R. § 261.1(b).

[18] 20 C.F.R. § 261.1(a).

[19] See 20 C.F.R. § 261.1 (reopening and revising decisions); 20. C.F.R. § 261.2 (conditions for reopening).

[20] *Salinas v. United States R.R. Ret. Bd.,* 141 S. Ct. 691 (2021).

[21] See *Bryant v. BNSF Ry. Co.,* 725 F. App'x 572, 573 (9th Cir. 2018) (holding the district court properly dismissed for lack of subject matter jurisdiction because Bryant had failed to exhaust her administrative remedies; and amendment would be futile because the Railroad Retirement

Case No. 4:22-cv-14-SLG, *Anderson v. Railroad Retirement Board*
Order to Dismiss without Leave to Amend
Page 4 of 6
Case 4:22-cv-00014-SLG   Document 8   Filed 12/08/22   Page 4 of 6

Persons "aggrieved by a final decision… may, only after all administrative remedies within the Board [ ] have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review… in the United States court of appeals for the circuit in which the claimant or other party resides[.]"[22] A federal district court, such as the District of Alaska, does not have jurisdiction to review the Board's final decision.

### C. Amendment Would Be Futile

The Ninth Circuit has stated that "leave to amend [a Complaint] should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts."[23] If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.[24]

For the reasons explained above, this Court lacks subject matter jurisdiction to review the Board's determination. Accordingly, providing Plaintiff with leave to amend would be futile.[25] Therefore, the Court will not grant leave to amend.

---

Act confers exclusive jurisdiction on the courts of appeals) (internal citations omitted).

[22] 45 U.S.C. § 355(f).

[23] *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted).

[24] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

[25] See, e.g., *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further

Case No. 4:22-cv-14-SLG, *Anderson v. Railroad Retirement Board*
Order to Dismiss without Leave to Amend
Page 5 of 6

Case 4:22-cv-00014-SLG   Document 8   Filed 12/08/22   Page 5 of 6

**IT IS THEREFORE ORDERED:**

1) This action is DISMISSED without leave to amend due to the futility of amendment.

2) The Clerk of Court is directed to enter a Final Judgment in this case.

DATED this 8th day of December 2022 at Anchorage, Alaska.

                                            */s/ Sharon L. Gleason*
                                            UNITED STATES DISTRICT JUDGE

---

leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).

Case No. 4:22-cv-14-SLG, *Anderson v. Railroad Retirement Board*
Order to Dismiss without Leave to Amend
Page 6 of 6
Case 4:22-cv-00014-SLG   Document 8   Filed 12/08/22   Page 6 of 6